UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA

v.

CRUSADER SERVICING CORPORATION

Mag./Crim. No. 2:12 cr 644 (DMC)

APPLICATION FOR PERMISSION
TO ENTER PLEA OF GUILTY

(Defendant with Counsel)

CRUSADER SERVICING CORPORATION, by and through the undersigned, a member of its Board of Directors (the "Board"), hereby certifies as follows:

1. The undersigned is a member of the Board of Directors of Crusader Servicing Corporation ("the Company"), a corporation with its principal place of business at 115 West Avenue, Suite 300, Jenkintown, Pennsylvania 19046. The undersigned requests that all proceedings against the Company be held in the name of Crusader Servicing Corporation. The Company's Board members have consented to the entry of a plea of guilty in this matter and has authorized the undersigned to execute the Plea Agreement dated September 26, 2012, and has authorized the undersigned to take such actions as may be necessary to obtain approval of and to implement the Plea Agreement.

   The undersigned's execution and implementation of this Guilty Plea Agreement is not intended to imply that, during the time period specified in the Information alleging a violation of Section 1 of the Sherman Act, he had any personal knowledge of, participated in or approved of the conduct of the Company alleged in the Information.

2. The Company understands that the Constitution and laws of the United States guarantee it the right to be represented by a lawyer at every stage in these proceedings, including any trial on these charges.

3. The Company has a lawyer who is representing it in this proceeding. The Company's lawyer's name is Colm F. Connolly, Esq. The Board and the undersigned are satisfied that they have had enough time to discuss this matter with Mr. Connolly.

4. English IS the undersigned's native language. His formal education stopped after post-graduate school (he holds a masters degree in finance).

5. The undersigned has taken no drugs or medication within the past seventy-two hours.

6. The undersigned has never been a patient in a mental hospital or institution. The undersigned does not believe that at the present time he is mentally ill or mentally incompetent in any respect.

7. The Board and the undersigned received a copy of the INFORMATION before being called upon to plead on behalf of the Company. The Board and the undersigned have read and discussed it with the Company's lawyer. The Board and the undersigned understand that the substance of the charge against the Company is that the Company:

> Violated 15 U.S.C. §1 by conspiring to rig bids at certain auctions for tax liens conducted by municipalities within the District of New Jersey from at least as early as 1998 until September 2006.

WAIVER OF INDICTMENT (IF APPLICABLE)

8. The Company's lawyer has explained to it that the Company has a constitutional right to be charged by an indictment of a grand jury but that the Company can waive that right and consent to being charged through a criminal Information filed by the United States Department of Justice, Antitrust Division.

9. The Company understands that unless it waives indictment it may not be charged with a felony unless a grand jury finds by return of an indictment that there is probable cause to believe that a crime has been committed and that the Company committed it.

10. The Company also understands that if it does not waive indictment, the government may present the case to the grand jury and request the grand jury to indict the Company.

11. The Company understands that a grand jury is composed of at least 16 and not more than 23 persons, that at least 12 grand jurors must find that there is probable cause to believe that the Company committed the crime. The Company also understands that the grand jury may or may not indict it.

12. The Company further understands that by waiving indictment by the grand jury, the case will proceed against it on the United States Department of Justice, Antitrust Division's Information as though it had been indicted.

13. The Company's attorney has discussed the nature of the charges(s) against it and waiving the Company's right to indictment thereon by grand jury, the Company fully understands those rights, and it wishes to waive indictment by grand jury.

14. The Company's decision to waive indictment by grand jury is made knowingly and voluntarily, and no threats or promises have been made to induce it to waive indictment.

THE GUILTY PLEA

15. The Company has told its lawyer all the facts and circumstances known to it about the charge set forth in the INFORMATION.

16. The Company is satisfied that its lawyer understands the information which the Company has provided, and based thereon the Company's lawyer has counseled and advised it on the nature of each charge and on all possible defenses that it might have in this case.

17. In addition, the Company's lawyer has explained to it, and the Company understands, that if it entered a plea of NOT GUILTY (or persisted in its plea of NOT GUILTY), under the Constitution and laws of the United States the Company would be entitled to a speedy and public trial by a jury of twelve persons on the charge(s) contained in this INFORMATION.

18. The Company's lawyer has explained to it, and the Company understands, that at such a trial the jury would be told by the judge that the Company is presumed to be innocent, and that the Government would be required to prove the Company guilty of the charge against it beyond a reasonable doubt. The Company understands that it would not have to prove that it is innocent, and that the Company could not be convicted unless all twelve jurors voted unanimously for conviction.

19. The Company's lawyer has explained to it, and it understands, that if the Company went to trial on these charge(s), the Government would have to produce in open court the witnesses against the Company, and that its lawyer could confront and cross-examine them and object to evidence offered by the Government.

20. The Company's lawyer has further explained to it, and it understands, that the Company has the right to produce witnesses and could offer evidence in its defense at a trial on this charge.

21. The Company's lawyer has explained to it, and it understands, that if the Company pleads GUILTY to any charge(s) in this INFORMATION and the judge accepts its plea, THE COMPANY WAIVES ITS RIGHT TO TRIAL AND THE OTHER RIGHTS SET FORTH IN PARAGRAPHS 17, 18, 19 and 20 ABOVE. The Company is aware and understands that <u>if the Company's GUILTY plea is accepted, there will be no trial</u> and a judgment of GUILTY will be entered after which, the judge, upon consideration of the Company's presentence report, will impose punishment upon it. The Company understands that if it pleads GUILTY, the judge may impose the same punishment as if the Company had pleaded "not guilty", went to trial and was convicted by a jury.

22. The Company understands that the judge will ask it what it did and the Company will have to acknowledge its guilt as charged by setting forth its actions so that the judge is satisfied that the Company is, indeed, guilty. The Company understands that any

statements it makes at the time it pleads GUILTY, if untrue and made under oath, can be the basis of a perjury prosecution against the Company.

SENTENCING ISSUES

23. The Company's lawyer has informed it, and it understands, that the maximum punishment which the law provides for the offense charged in this INFORMATION is:

A MAXIMUM fine of $100 million or twice the gross pecuniary gain the conspirators derived from the crime or twice the gross pecuniary loss caused to the victims of the crime, for the offense charged in the INFORMATION. The Company's lawyer has further explained, and it understands, that there is NO minimum fine for the offense charged in the INFORMATION.

The Company's lawyer has additionally explained, and it understands, that in addition or in lieu of the penalties already discussed, the Company may be ordered to make restitution to any victim of the offense and that the Court may require the Company to make a restitution in services instead of money or to make a restitution to a designated third party or organization instead of the victim. The Company understands that in determining whether to order restitution and the amount of restitution the Court will consider the amount of the loss sustained by any victim as a result of the offense, the Company's financial resources, and any other factors as the Court deems appropriate.

The Company understands that it will be assessed $400 for each felony upon which it is sentenced.

24. I hereby declare that no officer or agent of any branch of government, (Federal, State or local), nor the Company's lawyer, nor any other person, has made any promise or suggestion of any kind to it, or within my knowledge to anyone else, that the Company will receive a lighter sentence, or probation, or any other form of leniency if the Company pleads GUILTY. The Company's lawyer has explained, and it understands, that only the judge may decide what punishment the Company shall receive, and that if any person has told the Company otherwise, that person is not telling it the truth.

25. The Company understands that the sentence to be imposed upon it is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act of 1984.

26. The Company understands that in deciding what sentence to impose upon it, the sentencing judge is required to consider the maximum and minimum fines and terms recommended under the Sentencing Guidelines. The Company understands that the

    Sentencing Guidelines may authorize departures from the maximum and minimum Guidelines recommendations under certain circumstances.

27. The Company understands that the Sentencing Guidelines are advisory, and that the sentencing judge must also consider the other statutory factors identified in 18 U.S.C. § 3553(a) in deciding what sentence to impose. The Company understands that the judge has the authority to impose a fine more severe (up to the statutory maximum) or less severe than the sentencing range recommended by the Guidelines.

28. The Company has discussed with its attorney how the Sentencing Guidelines might apply to the Company's case.

29. The Company understands that the Court will not be able to determine the sentence for the Company's case until after the Presentence Report has been completed and both the Company and the Government have had an opportunity to read the report and challenge any facts reported by the probation officer.

30. The Company understands that the Court may be bound to impose a fine in accordance with statutory requirements.

31. [NOT APPLICABLE] I understand that parole has been abolished and that if I am sentenced to prison I will not be released on parole.

32. [NOT APPLICABLE] I further understand that the Court MAY impose a term of supervised release to follow any term of imprisonment and that any violation of that term of supervised release may result in an additional term of imprisonment. I understand that I am subject to a term of supervised release of up to <u>three (3)</u> years, the statutory maximum period of supervised release for the crime(s) to which I am pleading guilty.

    I further understand that the provisions of 21 U.S.C., which provide for a mandatory minimum term of supervised release, DO NOT apply to my case.

33. The Company understands that it will have no right to withdraw its plea on the grounds that anyone's prediction as to the Guidelines range or expectation of sentence proves inaccurate.

34. [NOT APPLICABLE] My lawyer has explained to me, and I understand, that if I am not a citizen of the United States, my plea of GUILTY to the charged offense(s) [MAY] result in my being subject to separate immigration law proceedings to have me removed from the United States by making me deportable, excludable, or inadmissible, or ending my naturalization.

35. [NOT APPLICABLE] My lawyer has explained to me, and I understand, that if the charged offense(s) is a sex offense under 42 U.S.C. § 16911(5), my plea of GUILTY [MAY] result in a requirement that I register as a sex offender under the Federal and State law, and I will be subject to the registration law's requirements and penalties.

PLEA AGREEMENT

36. I hereby declare that the Company has not been forced, coerced or threatened in any manner by any person to plead GUILTY to these charge(s). Nor has the Company been told that if it refuses to plead GUILTY, other persons will be prosecuted.

37. There HAS been a plea agreement entered into between the Company and the United States Department of Justice, Antitrust Division, by Trial Attorneys Charles V. Reilly, Debra C. Brookes, and Bryan Bughman.

   [ ] The plea agreement DOES NOT exist in written form.
   [x] The plea agreement DOES exist in written form. The Company has read it or has had it read to the Company. The Company's lawyer has explained it to the Company and the Company understands it.

38. The substance of the plea agreement is: That the Company will waive indictment and plead guilty to one count of bid rigging. The plea agreement is pursuant to Rule 11(c)(1)(B) and that the Company has no right to withdraw its guilty plea if the court does not follow the recommendation or request of either party.

   IF APPLICABLE, CHOOSE ONE OF THE FOLLOWING:

   [ ] The Company understands that the Company's plea agreement sets forth a Guidelines calculation which the Company agrees is the total Guidelines offense level applicable to me in this case. The Company further understands that it has waived the right to argue that the sentencing judge should impose a sentence below the range that results from this offense level, and that the government has waived the right to argue for a sentence above the range that results from this offense level.

   [ ] The Company understands that its plea agreement sets forth a Guidelines calculation which the Company agrees is the total Guidelines offense level applicable to it in this case. The Company further understands that with the exception of arguments regarding a departure as set forth in Paragraph ___ of Schedule A to the plea agreement, the Company has waived the right to argue that the sentencing judge should impose a sentence below the range that results from

        this offense level, and the government has waived the right to argue for a sentence above the range that results from this offense level.

    [ ]    The plea agreement contains stipulations regarding certain facts. The Company understands that if the sentencing court accepts a factual stipulation set forth in the plea agreement, both the Company and the government has waived the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

39.    The Company understands that its plea agreement DOES NOT PROVIDE that under certain circumstances the Company has waived its right to appeal or collaterally attack the sentence imposed in this case.

40.    The Company's lawyer has explained to it, and it understands, that if the judge accepts its GUILTY plea under the plea agreement, including the government's proposal to dismiss charges or to not bring other charges, the judge is not bound to follow the other terms in the plea agreement, including the stipulations recommending that a particular sentence or sentencing range is appropriate or that a particular provision of the Guidelines does or does not apply. The Company understands that if the judge does not follow one or all of the other terms of the plea agreement, including the stipulations, the Company will have no right to withdraw its GUILTY plea, even if the disposition of its case may be less favorable than that proposed in the plea agreement.

41.    The Company believes that its lawyer has done all that anyone could do to counsel and assist it, AND THE COMPANY IS SATISFIED WITH THE ADVICE AND HELP ITS LAWYER HAS GIVEN IT.

42.    The Company knows the judge will not permit anyone to plead GUILTY who claims to be innocent, and with that in mind and because the Company is GUILTY, the Company respectfully requests that the Court accept the Company's plea of GUILTY and to have the Clerk enter its plea of GUILTY as follows:

To Count 1 of this INFORMATION.

43.    The Company offers its plea of GUILTY freely and voluntarily and of its own accord with full understanding of all matters set forth in the INFORMATION, in this application, and in the certification of the Company's lawyer which is attached to this application.

44.    I further declare that the Company wishes to waive the reading of the INFORMATION in open court, and I request the Court to enter the Company's plea of GUILTY as set forth in Paragraph 43, above.

45.     The following person(s), if any, assisted me in completing this application:
_____.

I hereby certify that the foregoing information and statements herein are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Signed by me in open court in the presence of my lawyer this 26th day of September, 2012.

_____
MICHAEL THOMPSON
Member, Board of Directors
CRUSADER SERVICING CORPORATION

CERTIFICATION OF COUNSEL

    __COLM F. CONNOLLY, ESQ.__    hereby certifies that:

1. I am an attorney at law of the State of _Delaway_ and have been RETAINED BY the defendant, in [MAGISTRATE] [CRIMINAL] No. _____.

2. I have read and fully explained to the defendant the allegations contained in the INFORMATION.

3. To the best of my knowledge and belief the statements, representations, and declarations made by the defendant in the foregoing Application are in all respects accurate and true.

4. (IF APPLICABLE) In my opinion the defendant's waiver of indictment by grand jury is voluntarily and knowingly made, and I recommend to the Court that the waiver be accepted by the Court.

5. In my opinion the defendant's waiver of reading the INFORMATION in open court as provided in Rule 10 is voluntarily and knowingly made, and I recommend to the Court that the waiver be accepted by the Court.

6. I have explained the maximum and any mandatory minimum penalty for each count to the defendant. I have explained to him that the defendant may be ordered to make restitution under the Victim and Witness Protection Act.

7. I have explained to the defendant that in imposing sentence, the sentencing judge is required to consider the Sentencing Guidelines, and I have further explained how the Guidelines might apply to this offense and to the defendant. I have further explained to the defendant that the Guidelines are advisory, not mandatory, and that the sentencing judge may impose a sentence higher or lower than that recommended by the Guidelines.

8. The plea of GUILTY offered by the defendant in Paragraph 40 accords with my understanding of the facts related to me and is consistent with my advice to the defendant.

9.     In my opinion the plea of GUILTY as offered by the defendant in Paragraph 40 of this Application is voluntarily made with understanding of the consequences of the plea. I recommend that the Court accept the plea of GUILTY.

Signed by me in open court in the presence of the defendant above named, and after full disclosure of the contents of this Certification to the defendant, this $26^{rd}$ day of September, 2012.

_____
COLM F. CONNOLLY, ESQ.
Attorney for the Defendant