UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA  :  Criminal No.: 2:12 CR 644 (DMC)

:

v.  :  Filed:

:

:  Violation: 15 U.S.C. § 1

CRUSADER SERVICING CORPORATION,  :

:

Defendant.  :

:

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## PLEA AGREEMENT

The Antitrust Division of the United States Department of Justice and the defendant, CRUSADER SERVICING CORPORATION ("CRUSADER"), a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, hereby enter into the following Plea Agreement pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure ("Fed. R. Crim. P.").

### AGREEMENT TO PLEAD GUILTY AND WAIVE CERTAIN RIGHTS

1. CRUSADER will waive indictment pursuant to Fed. R. Crim. P. 7(b) and plead guilty in the United States District Court of New Jersey to a one-count Information, in the form attached, in which it is charged with one count of violating 15 U.S.C. § 1 in connection with a conspiracy to rig bids at certain auctions for tax liens conducted by municipalities within the District of New Jersey from at least as early as 1998 until September 2006. For the purpose of

this criminal action, CRUSADER will waive the statute of limitations that applies to the one-count charged in the Information.

## GOVERNMENT'S AGREEMENT

2.  Upon the Court's acceptance of the guilty plea called for by this Agreement, the United States will not bring further criminal charges against CRUSADER and will not bring criminal charges against ROYAL TAX LIEN SERVICES, LLC ("RTLS"), or any current or former director, officer, or employee of Crusader and/or RTLS for any act or offense committed prior to the date of this Agreement that was in furtherance of any agreement to rig bids at municipal tax lien sales or auctions in the State of New Jersey, except that the protections granted by this paragraph shall not apply to Robert Stein, or to any person who bid at any time at a tax lien auction on behalf of Crusader and/or RTLS. The nonprosecution terms of this paragraph do not apply to civil matters of any kind, to any violation of the federal securities laws, or to any crime of violence.

3.  It is understood that this Agreement does not bind any other federal agency or local prosecuting authority or administrative agency other than the Antitrust Division of the United States Department of Justice. However, if requested, the United States will bring the fact, manner and extent of the cooperation of CRUSADER to the attention of other prosecuting, administrative, and other agencies as a matter for such agencies to consider as appropriate.

## POSSIBLE MAXIMUM PENALTIES

4. CRUSADER understands that the statutory maximum penalty which may be imposed against it upon conviction for a violation of Section One of the Sherman Antitrust Act is:

    (a) $100 million (15 U.S.C. § 1);

    (b) twice the gross pecuniary gain the conspirators derived from the crime (18 U.S.C. §§ 3571(c) and (d)); or

    (c) twice the gross pecuniary loss caused to the victims of the crime by the conspirators (18 U.S.C. §§ 3571(c) and (d)).

5. In addition, CRUSADER understands that:

    (a) pursuant to 18 U.S.C. § 3561(c)(1), the Court may impose a term of probation of at least one year, but not more than five years;

    (b) pursuant to U.S.S.G. § 8B1.1 of the United States Sentencing Guidelines or 18 U.S.C. §§ 3563(b)(2) or 3663(a)(3), the Court may order it to pay restitution to the victims of the offense; and

    (c) pursuant to 18 U.S.C. § 3013(a)(2)(B), the Court is required to order the defendant to pay a $400 special assessment upon conviction for the charged crime.

## SENTENCING GUIDELINES

6. CRUSADER understands that the United States Sentencing Guidelines ("Sentencing Guidelines") are advisory, not mandatory, but that the Court must consider the Sentencing Guidelines, along with the other factors set forth in 18 U.S.C. § 3553(a), in determining and imposing a sentence. CRUSADER understands that the Sentencing Guidelines

determinations will be made by the Court by a preponderance of the evidence standard. CRUSADER understands that although the Court is not ultimately bound to impose a sentence within the applicable Sentencing Guidelines range, its sentence must be reasonable based upon considerations of all relevant sentencing factors set forth in 18 U.S.C. § 3553(a).

## SENTENCING AGREEMENT

7.     CRUSADER understands that the sentence to be imposed on it is within the sole discretion of the sentencing judge. It is understood that the Sentencing Guidelines are not binding on the Court. CRUSADER acknowledges that the entry of its guilty plea to the charged offense authorizes the sentencing court to impose any sentence up to and including the statutory maximum sentence. The United States cannot and does not make any promises or representations as to what sentence CRUSADER will receive. CRUSADER understands that, as provided in Fed. R. Crim. P. 11(c)(3)(B), if the Court does not impose a sentence consistent with either parties' sentencing recommendation, it nevertheless has no right to withdraw its plea of guilty. The United States will inform the Probation Office and the Court of (a) this Agreement; (b) the nature and extent of CRUSADER's activities with respect to this case, and all other activities of CRUSADER which the United States deems relevant to sentencing; and (c) the timeliness, nature, extent and significance of CRUSADER's cooperation with the United States. In so doing, the United States may use any information it deems relevant, including information provided by CRUSADER both prior and subsequent to the signing of this Agreement. The United States reserves the right to make any statement to the Court or the Probation Office concerning the nature of the offense charged in the attached Information, the participation of CRUSADER therein, and any other facts or circumstances that it deems relevant. The United

States also reserves the right to comment on or to correct any representation made by or on behalf of CRUSADER, and to supply any other information that the Court may require.

8. The United States and CRUSADER agree that the fine to be imposed is within the sole discretion of the sentencing judge, but that the Court may consider the factors set forth in U.S.S.G. § 8C3.3(b) in determining CRUSADER's ability to pay a fine. The United States agrees to recommend that an appropriate fine would be $2 million payable on an installment schedule over a five year period without interest pursuant to 18 U.S.C. § 3612 (f)(3)(A) and no order of restitution. The first payment of $400,000 will be made within ten days of the date of sentencing; the second payment of $320,000 will be made one year from the date of sentencing; the third payment of $320,000 will be made two years from the date of sentencing; the fourth payment of $320,000 will be made three years from the date of sentencing; the fifth payment of $320,000 will be made four years from the date of sentencing; and the final payment of $320,000 will be made five years from the date of sentencing.

9. In light of the availability of civil causes of action, in the United States District Court for the District of New Jersey, which potentially provide for a recovery of a multiple of actual damages, the recommended sentence does not include a restitution order for the offense charged in the Information.

10. CRUSADER understands that this Agreement does not in any way affect or limit the right of the United States to respond to and take positions on post-sentencing motions or requests for information that relate to the reduction or modification of its sentence.

## REPRESENTATION BY COUNSEL

11.     CRUSADER has reviewed all legal and factual aspects of this case with its attorney and is fully satisfied with its attorney's legal representation. CRUSADER has thoroughly reviewed this Agreement with its attorney, and has received satisfactory explanations from its attorney concerning each paragraph of this Agreement and alternatives available to it other than entering into this Agreement. After conferring with its attorney and considering all available alternatives, CRUSADER has made a knowing and voluntary decision to enter into this Agreement.

## VOLUNTARY PLEA

12.     CRUSADER's decision to enter into this Agreement and to tender a plea of guilty is freely and voluntarily made and is not the result of force, threats, assurances, promises, or representations other than the representations contained in this Agreement. The United States has made no promises or representations to CRUSADER as to whether the Court will accept or reject the recommendations contained within this Agreement.

## VIOLATION OF PLEA AGREEMENT

13.     CRUSADER agrees that, should the United States determine in good faith, during the period that any Federal Proceeding is pending, that it has violated any provision of this Agreement, the United States will notify counsel for the defendant in writing by personal or overnight delivery or facsimile transmission and may also notify counsel by telephone of its intention to void any of its obligations under this Agreement (except its obligations under this paragraph), and CRUSADER shall be subject to prosecution for any federal crime of which the United States has knowledge including, but not limited to, the substantive offenses relating to the

investigation resulting in this Agreement. CRUSADER agrees that, in the event that the United States is released from its obligations under this Agreement and brings criminal charges against it for any offense referred to in Paragraph 1 of this Agreement, the statute of limitations period for such offense shall be tolled for the period between the date of the signing of this Agreement and six (6) months after the date the United States gave notice of its intent to void its obligations under this Agreement.

14. CRUSADER understands and agrees that in any further prosecution of it resulting from the release of the United States from its obligations under this Agreement based on CRUSADER's violation of the Agreement, any documents, statements, information, testimony, or evidence provided by it to attorneys or agents of the United States, federal grand juries, or courts, and any leads derived therefrom, may be used against it in any such further prosecution. In addition, CRUSADER unconditionally waives its right to challenge the use of such evidence in any such further prosecution, notwithstanding the protections of Fed. R. Evid. 410.

## **ENTIRETY OF AGREEMENT**

15. This Agreement constitutes the entire agreement between the United States and CRUSADER concerning the disposition of the criminal charge contained in this case. This Agreement cannot be modified except in writing, signed by the parties.

16. The undersigned is authorized to enter this Plea Agreement on behalf of CRUSADER as evidenced by the Resolution of the Board of Directors of the defendant attached to, and incorporated by reference in, this Agreement.

17. The undersigned attorneys for the United States have been authorized by the Attorney General of the United States to enter this Agreement on behalf of the United States.

Dated:                                          Respectfully submitted,

_____                       _____
CRUSADER SERVICING CORPORATION                  CHARLES V. REILLY
By: MICHAEL THOMPSON                            DEBRA C. BROOKES
Per Resolution By CSC                           BRYAN C. BUGHMAN
Board                                           LUDOVIC GHESQUIERE
                                                BENJAMIN SIROTA
_____                       Trial Attorneys, Antitrust Division
COLM F. CONNOLLY, ESQ.                          U.S. Department of Justice
Counsel for Crusader Servicing Corp.            26 Federal Plaza, Room 3630
                                                New York, New York 10278
                                                (212) 335-8039

8